**CENTRAL COLLECTION SERVICE, INC., Respondent,**

v.

**Richard W. REYNOLDS, et al., Defendants,**

**and**

**Associated Milk Producers, Inc., Garnishee-Defendant, Appellant.**

No. C9–88–2489.

Court of Appeals of Minnesota.

April 11, 1989.

Kurt D. Johnson, Gislason, Dosland, Hunter & Malecki, New Ulm, for appellant.

Richard D. Seierstad, Sauk Rapids, for respondent.

Heard, considered, and decided by NORTON, P.J., and FORSBERG and MULALLY,* JJ.

## OPINION

FORSBERG, Judge.

Associated Milk Producers, Inc. (Associated Milk), the garnishee, appeals from a $337.22 judgment entered against it in favor of respondent Central Collection Service, Inc. (Central Collection), the judgment creditor. We reverse.

### FACTS

Richard Reynolds, the judgment debtor, regularly sells milk he produces to Associated Milk. Approximately twice a month, he receives milk checks in varying amounts from Associated Milk. Reynolds has executed a number of assignments which authorize Associated Milk to pay certain creditors from the milk checks. It is undisputed that these assignments were valid.

In September 1987, Associated Milk was served with a garnishment summons by Central Collection. Because Associated Milk had paid Reynolds' assignments (which all were made prior to service of the garnishment summons), it stated on the garnishment disclosure form that there were no proceeds available to be garnished.

Central Collection then brought this motion in district court seeking judgment against Associated Milk for incorrectly disclosing the available funds of the judgment debtor. The district court reasoned that because milk proceeds are expressly defined as "earnings" under Minn.Stat. § 571.55 (1988), they are also "wages or

---

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn.Const. art. 6, § 2.

salary * * * earned" under Minn.Stat. § 181.06, subd. 1 (1988) and not subject to assignments over 60 days old. The court therefore concluded that Associated Milk erred in stating that there were no funds available to be garnished because the assignments made by Reynolds were valid for only 60 days.

## ISSUE

Did the district court err in concluding that milk proceeds are "wages" under Minn.Stat. § 181.06?

## ANALYSIS

A garnishment summons affects "all nonexempt disposable earnings earned or to be earned" by a judgment debtor. Minn. Stat. § 571.42 (1988). For the purposes of a garnishment proceeding, nonexempt " 'earnings' means compensation paid or payable * * * to the producer for the sale of * * * milk or milk products." Minn. Stat. § 571.55; *see also* Minn.Stat. § 550.37, subd. 13 (exempt property is defined as "[a]ll earnings not subject to garnishment by the provisions of section 571.-55").

Minn.Stat. § 181.06, subd. 1 provides in pertinent part that "[e]very assignment * * * of *wages or salary earned* * * * more than 60 days from and after the date of making such * * * assignment shall be absolutely void[.]" (Emphasis added.)

We agree with Associated Milk's argument that the two statutes serve different purposes. The implied intent of § 571.55 is to provide a judgment creditor with as many sources as possible from which to satisfy a judgment. Section 181.06, on the other hand, governs assignment of wages and payroll deductions. As such, it contemplates an employer-employee relationship, and was not enacted for the purpose of defining sources from which to satisfy a garnishment. There is little dispute that an employment relationship does not exist between Associated Milk and Reynolds. Associated Milk does not pay Reynolds on a regular basis, does not provide him with employment-related benefits, and exercises no control over him or the amount or manner of production of his milk.

Because the statutes serve entirely different purposes, the district court erred in concluding that milk proceeds, which are expressly defined as "earnings" under § 571.55, are also "wages or salary * * * earned" under § 181.06. The assignments made by Reynolds were therefore valid until revoked, and were properly paid by Associated Milk. Associated Milk was correct in stating that there was nothing available for garnishment when it made its disclosure to Central Collection.

## DECISION

The judgment against Associated Milk is reversed.

REVERSED.